STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
October 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WHEELING PARK COMMISSION,**
**Employer Below, Petitioner**

**vs.)    No. 14-0151** (BOR Appeal No. 2048706)
                        (Claim No. 2013016351)

**THOMAS GURNEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Wheeling Park Commission, by Edward M. George III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated January 27, 2014, in which the Board affirmed an August 16, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 11, 2013, decision to reject the claim and found the claim compensable for contusion of the right side of the ribs and ninth right rib fracture. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gurney, a greenskeeper for Wheeling Park Commission, was injured on December 14, 2012, when he was operating a wood chipper. According to Mr. Gurney, he pushed a log into the chipper, it was ejected out the opposite way, and it hit him on the right side in his rib area. No one directly witnessed the log hit Mr. Gurney. However, Charles Miller and Justin Eckman, two fellow employees testified that they witnessed Mr. Gurney after the injury lying a few feet from the chipper in noticeable pain. Mr. Gurney was taken to Wheeling Hospital where he was diagnosed with a contusion of the right rib area. An x-ray taken on December 26, 2012, revealed a fracture of the right ninth rib. Mr. Gurney filed for workers' compensation benefits based upon

1

his injury. On February 8, 2013, at Wheeling Park Commission's request, Paul Steinman Jr, D.O., performed a record review. Dr. Steinman noted that the medical records from December 14, 2012, did not document any evidence of trauma to Mr. Gurney's chest. He further noted that medical records dated December 17, 2012; December 18, 2012; December 28, 2012; January 4, 2013; and January 14, 2013, documented no objective evidence of trauma to Mr. Gurney's chest. Dr. Steinman opined that there was no evidence of trauma to the skin that would support a claim that Mr. Gurney was struck on the right side of the chest with sufficient force to cause a rib fracture or any other injury. Based upon Dr. Steinman's report the claims administrator rejected Mr. Gurney's claim on February 11, 2013. Mr. Gurney protested.

The Office of Judges found that Mr. Gurney was injured in the course of and as a result of his employment. The Office of Judges noted that the testimony of Mr. Gurney's fellow employees, Charles Miller and Justin Eckman demonstrated that Mr. Gurney was seen after the injury lying on the ground and in pain, which was consistent with Mr. Gurney's recitation of the events in question. The Office of Judges did not find Dr. Steinman's report to be persuasive. The Office of Judges noted that contrary to what Dr. Steinman asserted, Wheeling Hospital diagnosed Mr. Gurney with a rib contusion. The Office of Judges further noted that an x-ray taken two weeks later revealed that Mr. Gurney sustained a right rib fracture, which also did not correspond to Dr. Steinman's opinion. As a result, the Office of Judges rejected Dr. Steinman's opinion. The Office of Judges reversed the claims administrator's decision and found the claim to be compensable for a right rib fracture and contusion. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. The mechanism of injury, the testimony of witnesses, and the medical records all demonstrate that Mr. Gurney was injured in the course of and as a result of his employment. Both Mr. Miller and Mr. Eckman testified that Mr. Gurney was on the ground in pain, feet away from the wood chipper, on the date of the injury. Mr. Gurney was diagnosed with a rib contusion at Wheeling Hospital. Two weeks later Mr. Gurney underwent an x-ray, which revealed a fractured rib. The only evidence that tends to weigh in the favor of non-compensability is the report of Dr. Steinman. Dr. Steinman's conclusion that there was no evidence of a chest injury on December 14, 2012, is contrary to the medical record. Dr. Steinman also concluded that there was not sufficient skin trauma to cause a broken rib. However, it would have been difficult for Dr. Steinman to make such a conclusion because he did not examine Mr. Gurney personally at any time. Because Dr. Steinman did not have as much objective evidence as the doctors at Wheeling Hospital who treated Mr. Gurney's injury, it was not in error for the Office of Judges and Board of Review to disregard his report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3